UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

IRA WARHEIT

                            Plaintiff,

               -against-

THE CITY OF NEW YORK, THE
NEW YORK CITY BOARD OF
EDUCATION/ DEPARTMENT OF
EDUCATION, RENIN EBID (ATHLETIC
DIRECTOR AT LINCOLN HIGH SCHOOL),
DONALD DOUGLAS (EXECUTIVE DIRECTOR
OF PSAL) LINCOLN HIGH SCHOOL, PUBLIC
SCHOOL ATHLETIC LEAGUE (PSAL),
NEW YORK CITY POLICE DEPARTMENT AND
POLICE OFFICERS 1-4.

                            Defendants
------------------------------------------------------------------x

Index No. 2011CV

FILED
IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.
★ OCT 3 1 2011 ★
BROOKLYN OFFICE

VERIFIED
COMPLAINT

CV11 -5301

(Jury demanded)

SUMMONS ISSUED

GLEESON, J.

GO, M.J.

## INTRODUCTORY STATEMENT

1.       This is an action for damages sustained by plaintiffs IRA WARHEIT, (hereinafter

referred to as WARHEIT, plaintiff) against the CITY OF NEW YORK (hereinafter

referred to as the CITY), and the NEW YORK CITY DEPARTMENT OF EDUCATION

A/K/A THE BOARD OF EDUCATION OF THE CITY OF NEW YORK (hereinafter

referred to as D.O.E. , DEPT. OF EDUCATION, AND/OR BD. OF ED.), the NEW

YORK CITY POLICE DEPARTMENT, (hereinafter referred to as NYPD), RENIN

EBID, DONALD DOUGLAS, POLICE OFFICERS "1" THROUGH "4" (hereinafter

referred to as POLICE OFFICERS "1" through "4"), who through its employees, agents

and/or assigns and/or individually unlawfully stop, searched, arrested and/or had

prosecuted the plaintiff by those co-defendants RENIN EBID and DONALD

DOUGLAS, PSAL employees of Board of Ed. have harassed, have falsely arrested and

had falsely imprisoned/incarcerated and maliciously prosecuted IRA WARHEIT as well

as published statements that slandered and slandered per se from on or about 9/15/10 and

for personal injuries, physical and emotional trauma that plaintiff suffered and arising

from the unconscionable, actionable and/or the unlawful acts of the said defendants, and

against the CITY, as the supervisory body responsible for the conduct of the defendants

and for its failure to take corrective action with respect to RENIN EBID and DONALD

DOUGLAS and/or DOE and/or its N.Y.P.D. personnel/supervisors/employees including

police officers including but not limited to POLICE OFFICERS "1" THROUGH "4",

who arrested the plaintiff, for their failure to act, and/or the D.O.E./ BD. OF ED.,

supervisors, teachers, personnel including but not limited to RENIN EBID and DONALD

DOUGLAS whose negligent propensities are and were notorious, the CITY and its

multiple agencies/entities in their failure to assure proper training and supervision of the

personnel, or to implement meaningful procedures to discourage lawless conduct by said

named individuals and/or their supervisors, employees and/or aides; The said entities

and/or individual(s) is/are sued as a "person" under Title 42 USC 1983; and the actions of

the BD. OF ED. and/or N.Y.P.D. (both of said agencies are departments of the defendant

CITY, and/or the Public School Athletic League (PSAL) a subdivision of the DOE

and/or defendant CITY in failing to train, prevent, investigate and/or to prosecute their

supervisors and/or employees responsible for said act(s) or take sufficient protective

action for the plaintiff and/or to file a case and investigate RENIN EBID and DONALD

DOUGLAS who each individually harassed the plaintiff IRA WARHEIT at a high school

LINCOLN HIGH SCHOOL, owned and operated by D.O. E. and/or the perpetrators,

culprits EBID and on information and belief DOUGLAS and/or failure to remedy the

situation/ conditions and/or to sufficiently monitor, investigate and/or because the BD.

2

OF ED. failed and continued to fail to take any action and/or to reprimand, punish, or attempt to investigate, discharge, admonish or arrest the said perpetrators RENIN EBID and DONALD DOUGLAS; including but not limited to the fact that the D.O.E/ Board of Education negligently failed to file a criminal complaint or make an investigation of any kind with any Court and/or to the District Attorney of Kings and/or New York County of the said perpetrators, even after a notice of claim was clearly filed.

2. The complaint is based on the facts that the said RENIN EBID and DONALD DOUGLAS  have harassed, had the plaintiff falsely arrested, imprisoned and/or maliciously prosecuted and by RENIN EBID herein filed a false instrument(s) which is tantamount to or equal to abuse of process and/or made slanderous and/or slanderous per se comments against the plaintiff on one or more occasions against the said plaintiff including on the premises of the New York City High School LINCOLN HIGH SCHOOL owned and operated by DOE and that at least one of said occasions (9/15/10) had plaintiff forcibly ejected by the police and/or security from LINCOLN HIGH SCHOOL in Brooklyn New York and at that time RENIN EBID falsely published in a loud voice that was communicated to many of those present to teachers, students, student athletes, invited guests and the like that plaintiff was a convicted sexual predator, sexual deviant and felon and that he was a sexual pervert and a pedophile and/or on a list of convicted sex offenders that said statements were slanderous and/or slander per se since the claimant is a licensed periodontist and RENIN EBID knew this and knew and should have known that the statements would affect plaintiff professionally and/or knew that the plaintiff/claimant was involved in "sports" professionally and/or on many occasions donated his time without fee to help student athletes obtain college scholarships and/or

college admission that on a subsequent occasion on or about March, 2011 and/or on at least one occasion before the named defendant RENIN EBID an employee of the DOE and/or supervisor or executor of the PSAL (Public School Athletic League) which is an entity/subdivision of DOE involved with high school athletes filed a false/bogus complaint with the defendant Police Department of the City of New York falsely alleging that the defendant was harassing her and deliberately provided false information to the defendant NYPD and/or the District Attorney's office to said effect. That the notice of claim incorporated herein at par. 41 has been duly served on the City of New York on or about 12/10/10 clearly providing her name. That on information and belief the defendant DONALD DOUGLAS aided and abetted the defendant RENIN EBID in all of the said complained of activities since he is an executive with the PSAL and/or utilized his influence in regard to a DOE/PSAL order prohibiting the claimant from attending any PSAL games or practices thereby prohibiting plaintiff from helping students to obtain college scholarships or admission to college and otherwise affecting client's right to be present on public property in violation of his constitutional rights.

3. The plaintiff has never been charged with let alone convicted of any kind of sexual misconduct whatsoever and is unaware of any charges ever have been filed against him for same or of any complaints alleging sexual misconduct against him for same and/or having been investigated for same and therefore the slanderous, slander per se comments of RENIN EBID are actionable and there is no defense.   The defendants BD. OF ED., and the NYPD and their supervisors, staff, employees and the like, despite notice and specific requests to take action, have done nothing whatsoever to investigate, prosecute, said supervisors/employees internally and/or in a court of law nor did they satisfactorily

inquire and/or investigate or have arrested or prosecuted or charged internally the said perpetrators RENIN EBID and DONALD DOUGLAS nor have they punished same for sad actions; all of which resulted in mental and emotional distress to the plaintiff;

4. Specifically the defendants EBID and on information and belief DONALD DOUGLAS subsequently on 3/9/11 filed a false criminal complaint with authorities that resulted in the false arrest, false imprisonment and malicious prosecution of the plaintiff. Plaintiff seeks recovery for their aforesaid physical and/or emotional damages, attorney's fees, and the like.

5.    The defendants CITY, D.O.E./BD. OF ED., N.Y.P.D., PSAL through their negligence and/or their negligently failure to act and/or as to the defendant D.O.E./BD. OF ED. and/or PSAL negligently failed to monitor the said individuals RENIN EBID and DONALD DOUGLAS and/or make a viable attempt to prevent a recurrence of the said harassment/altercation and/or safeguard the plaintiff and for their initial negligence to take reasonable and prudent steps required to protect plaintiff and to prevent said occurrence(s)/recurrence, to investigate same and to prosecute the said DOE supervisors/employers EBID and/or DOUGLAS the said Defendants CITY, DOE and/or PSAL personnel, employees and/or supervisors who negligently acted and/or to apprise the proper authorities of their transgression and/or to effectively engage said individual defendants and/or take them to task.

## JURISDICTION

6.    This action arises under Sections 1983 and 1988 of Title 42 of the United States Code, and the First, Eighth and Fourteenth Amendments to the Constitution of the United

5

States, and under the Constitution of the State of New York and the laws of the State of

New York and the case law arising thereunder in similar Title 42 USC 1983 matters.

## PARTIES

7.      IRA WARHEIT the plaintiff maintains a residence at 169 Columbia St., #3G

Cobble Hill, NY 11231, which is located in Kings County in the Eastern District of New

York.

8.      At all times relevant to the allegations of this complaint, RENIN EBID and

DONALD DOUGLAS was/were individuals residing in the City and State of New York

at an address known to defendants D.O.E. and were employed by the DOE and/or PSAL

in Brooklyn and/or in New York County and in effect as supervisors/employees that were

supposed to be monitored and supervised by defendant Board of Ed. and/or PSAL and/or

its supervisors and/or its employees. On information and belief both individuals RENIN

EBID and DONALD DOUGLAS reside in the City and State of New York at an address

known to the defendant D.O.E. At all times relevant, defendant D.O.E./BD. OF

ED/PSAL employees, supervisory personnel and the like were responsible for the said

supervisors/ employees during school hours and/or when they are engaged in Board of

Ed. and/or PSAL activity and/or utilize their status with DOE/PSAL to their personal

advantage, e.g. when Plaintiff was ejected from LINCOLN HIGH SCHOOL and/or when

he was arrested. Specifically the defendants RENIN EBID and DONALD DOUGLAS

and/or other BD. OF ED. personnel at the HIGH SCHOOL in question including but not

limited to supervisors, the principal, deans, teachers, counselors, administrators and/or

security staff (some of whose identities and addresses are presently unknown to plaintiff

and/or are on information and belief are known to the BD. OF ED.), and specifically

6

RENIN EBID and DONALD DOUGLAS and/or *teachers* and/or other personnel and/or

security officers employed by the BD. OF ED. and/or by New York City Police

Department (N.Y.P.D.). Said employees of the D.O.E. /BD. OF ED. and/or N.Y.P.D.

were employed by defendants CITY,D.O.E./ BD. OF ED. and/or N.Y.P.D, POLICE

OFFICERS "1" THROUGH "4", to perform duties in and for the City of New York,

specifically at the HIGH SCHOOL denoted herein and elsewhere. At all times relevant,

said employee/supervisor *defendants* EBID, DOUGLAS, the D.O.E. and/or N.Y.P.D.

were acting in the capacity of agents, servants and employees of defendant City of New

York and are sued individually and/or in their official capacity.

9.      The defendants EBID and DOUGLAS on information and belief reside(s) in the

City and State of New York at an address known to the defendants, CITY, D.O.E., and/or

N.Y.P.D. are legally responsible for their son's actions.

10.     That defendants on information and belief were made aware of the initial alleged

incident of  9/15/10 and/or when they negligently caused the plaintiff to be forcibly

removed from the high school and/or which resulted in the said harassing, annoying,

assaulting, and making false statements and/or illegal written documents about plaintiff

on subsequent dates and said individuals are individually liable for said actions.

11.     At all times relevant, defendant CITY, BD. OF ED., N.Y.P.D. and/or PSAL is/are

a municipal corporation(s) duly formed under the laws of New York State, the DOE

and/or NYPD is an agency, subdivision, department, etc. of the City of New York duly

formed pursuant to law and/or is a domestic and public benefit corporation organized or

existing under and by virtue of the laws of the State of New York. On information and

belief the PSAL is a subdivision of the DOE.

12.    The D.O.E. was the employer of the supervisor(s)/employee(s) of defendant the

BD. OF ED., RENIN EBID and DONALD DOUGLAS as were D.O.E. teachers and/or

security officers at the school, LINCOLN HIGH SCHOOL. As such, (BD. OF ED.,

and/or N.Y.P.D.) was/were responsible for training, supervision and conduct of said

defendants' employees and staff. All of the defendants including said individual

defendants EBID and DOUGLAS were also responsible, under law, for enforcing the

rules and regulations of the BD. OF ED., the PSAL and/or New York City & State laws

and rules and regulations and for ensuring that City of New York, BD. OF ED., and/or

supervisory staff, security and personnel, as well as police officers in the employ of the

NYPCD and supervisors and staff obey and enforce the laws of the City and State of New

York and of the United States and enforce the laws of the City and State of New York

and/or rules and regulations of their respective entities (DOE and/or N.Y.P.D.) The DOE

and NYPD had a responsibility to the public at large at LINCOLN HIGH SCHOOL and

elsewhere.

13.    At all times relevant, defendant NYCPD was a municipal corporation duly formed

under the laws of New York State and/or an agency, subdivision, department, etc. of the

defendant CITY OF NEW YORK duly formed pursuant to law and/or is a domestic and

public benefit corporation organized or existing under and by virtue of the laws of the

State of New York, and was the employer and supervisor of police officers (police

officers 1-4) and/or security officers that were charged with the duty to keep order,

protect the public, investigate and arrest the perpetrators here defendant(s) EBID and

DOUGLAS and/or other administrators, teachers and staff at the HIGH SCHOOL, if

they violated the law. As such, NYPD was responsible for training, supervision and

8

conduct of its supervisory staff, personnel, security officers, etc. It was also responsible, under law, for enforcing the regulations of the New York City Police Department and for ensuring that City of New York police, administrators, police, employees and/or personnel including security personnel at LINCOLN HIGH SCHOOL (hereinafter referred to as staff) obey and enforce the laws of the City and State of New York and of the United States.

14.    Defendants THE CITY OF NEW YORK, NYPD, and POLICE OFFICERS "1" THROUGH "4" are on information and belief police officers or detective(s), security and/or supervisory staff in the employment of the N.Y.P.D., CITY, or other defendants, whose names and addresses are unknown to plaintiffs but on information and belief is/are known to defendants CITY and/or N.Y.P.D.

15.    At all times relevant, defendants N.Y.P.D. employees including POLICE OFFICERS "1 through 4" and N.Y.P.D. and supervisory personnel and the like specifically Police Officers, sergeant(s)/detective(s) and/or other N.Y.P.D. police officers (e.g. POLICE OFFICERS "1 through 4" ), detectives, supervisors and/or personnel (e.g. school security personnel) who were assigned or involved in the incidents complained of and failed to properly investigate the allegations and/or charges against the plaintiff. At all times relevant, defendants POLICE OFFICERS "1 through 4" above-named were acting in the capacity of agents, servants and employees of defendant CITY and/or N.Y.P.D. and are sued individually and in their official capacity.

16.    At all times relevant, defendant BOARD OF EDUCATION was a municipal corporation duly formed under the laws of New York State and/or an agency, subdivision, department, etc. of the city of New York duly formed pursuant to law and/or

9

is a domestic and public benefit corporation organized or existing under and by virtue of
the laws of the State of New York, and was the employer and supervisor of defendant
police officers and/or DOE employees, supervisors and/or personnel. As such, it was
responsible for training, supervision and conduct by defendants of its supervisory staff,
personnel, security officers, etc. It was also responsible, under law, for ensuring the
safety and welfare of invitees and the public at LINCOLN HIGH SCHOOL.

17.      At all times relevant, defendants RENIN EBID and DONALD DOUGLAS were
employed by the D.O.E., BD. OF ED. and/or PSAL and/or was/were employees and/or
supervisors duly employed by D.O.E. and/or the PSAL. As such, each of said individual
defendants  RENIN EBID and DONALD DOUGLAS was/were responsible under law,
for enforcing the regulations of the New York City D.O.E. and for ensuring that City of
New York school personnel and/or NYPD security officers enforce the laws of the City
and State of New York and of the United States and that they therefore obey said laws,
and were charged with the duty to protect the rights of invitees and the public at large.

18.      At all times relevant, defendants RENIN EBID and DONALD DOUGLAS
(hereinafter referred to as EBID, DOUGLAS and/or the perpetrators, were and are,
and/or the full name and addresses of the N.Y.P.D. police officers and/or superiors that
refused to file or make a report. The addresses are unknown to plaintiffs and his counsel.

19.      Plaintiffs allege that RENIN EBID and DONALD DOUGLAS was and are
responsible, under law, and Board of Ed. rules, regulations and/or requirements for
enforcing the regulations of the BD. OF ED.; and for ensuring that laws and regulations
of the City and State of New York and/or the BD. OF ED are followed and enforced at

the school and in effect are responsible for the safety and well being of the invitees and/or the general public.

20.     That the said unknown denoted hereinafter referred to as defendants N.Y.P.D., and POLICE OFFICERS "1-4" are also duty bound to enforce and obey the laws of the City and State of New York and of the United States and/or to enforce those laws and negligently failed to perform their duty to investigate the validity/relevance of the charges filed/proffered by EBID and/or DOUGLAS.

21.     At all times relevant hereto and in all their actions described herein, defendant BD. OF ED., PSAL and/or NYCPD employees supervising and personnel, etc. were acting under color of law and pursuant to their authority as BD. OF ED./ PSAL and/or NYPD personnel.

FACTUAL ALLEGATIONS

22.     That NYPD and/or D.O.E./BD. OF ED. and/or PSAL is/are on information and belief owned , operated and/or subject to directives of the defendant CITY. That their employees, superiors and personnel are also answerable to the CITY.

23.     That at all times relevant to this complaint, or from on or about 9/15/10 and thereafter, said defendants maintained and controlled in furtherance of its/ their business of the said defendants, CITY and NYCPD and/or BD. OF ED./PSAL  in the Borough of Brooklyn, Kings County,  in the City and State of New York, LINCOLN HIGH SCHOOL was/were responsible for operating/ controlling: the PSAL, schools, school districts, high schools and/or their teachers, administrators and personnel and staff, prosecution of court cases, jails, courts, police, police precincts, police security in New York City including at New York City High Schools, and/or police officers, sergeants,

11

employees, detectives, school safety security officers, personnel and staff, and/or their

personal employees, and staff.

24.      On or about 9/15/10 and thereafter and/or other dates known to defendants, the

plaintiff IRA WARHEIT (hereinafter referred to as WARHEIT or plaintiff or plaintiff),

while visiting LINCOLN HIGH SCHOOL, located in New York City, Kings County, in

the Eastern District of New York, who was lawfully on the premises was forcibly

removed from the premises through no fault of his own and/or contributory negligence on

his part. Plaintiff was harassed and/or falsely detained/arrested by several male police

officers whose names are unknown at said times but on information and belief are known

to the defendants at the said school owned and operated by the defendant D.O.E./BD. OF

ED. and/or are known to the NYPD. On information and belief it was at or about said

location on 9/15/10 that EBID in the presence of the plaintiff, that defendant EBID

published to many people in a loud voice remarks about plaintiff and making specific

actionable, improper, illegal and/or immoral comments that plaintiff was a sexual

deviant, on a sexual predator list and was a convicted pedophile! The verbal allegations

continued thereafter. Said statements are actionable as Slander and slander per se. Such

actions are actionable as fraud and abuse of process, false arrest, false imprisonment,

malicious prosecution, negligence, prima facie tort, intentional infliction of mental

distress and plaintiff is entitled to punitive and compensatory damages as a consequence.

25.      On or about 12/10/10 the plaintiff filed a notice of claim outlining the said

negligent/intentional removal of the plaintiff from a public area by the defendants when

slanderous/slanderous per se statements were made against the defendant. Subsequent

thereto, on or about 3/9/11 and/or on a prior occasion thereto the individual defendant

12

EBID on information and belief while being aided and abetted by the individual

defendant DOUGLAS filed a false report with the NYPD alleging that the plaintiff was

harassing her. On information and belief EBID alleged that the plaintiff was stalking her

and causing her fear of material harm to her health and safety; that in effect the plaintiff

was harassing her. The said allegations resulting in a Criminal Court of the City of New

York complaint to issue 4/5/11 and in the physical arrest, detention and false

imprisonment of the plaintiff. That the said allegations were made by EBID after the

aforementioned notice of claim had been duly filed upon the City. The City and after the

Corporation Counsel acknowledged receipt of same. The court and the District Attorney

and Police were apprised by Plaintiff's counsel from the time of the arraignment on

4/6/11 of the notice of claim that is dated 12/10/10  which is incorporated and made a

part of this complaint as paragraph 41 and on each and every subsequent court date

including but not limited to 5/25, 8/10, 10/4 and 10/15 and nevertheless the defendants

continue to prosecute the erroneous criminal charges against the plaintiff which on

information and belief were filed by the defendants EBID and/or DOUGLAS in

retaliation for the said notice of claim. On information and belief the allegations are false

and amount to the filing of a false complaint and abuse of process and are part and parcel

of a fraud being perpetrated upon the court.

26.     That on or about 9/15/10 the plaintiff IRA WARHEIT was falsely

arrested/accused of being involved in a robbery/grand larceny/possession of a weapon

and/or reckless endangerment etc. etc.  by the N.Y.C.P.D. and subsequently detained and

then arrested and/or held/incarcerated, booked, processed, arraigned, imprisoned  on

remand and/or on high bail as per the request of the defendants' NYC DOE and DA and

thereafter indicted by the District Attorney of New York County, specifically on Docket
No.2011NY024535, New York County, that on information and belief as Assistant
District Attorney at the precinct and/or Central Booking also made decision to hold and
charge Plaintiff. Said criminal complaint "came down" and/or was filed on or about
9/15/10. That the initial illegal and/or false arrest and/or false imprisonment of the
Plaintiff on the aforementioned false charges was on or about 9/15/10 based on the
intentioned illegal detention and/or arrest and subsequent arraignment of Plaintiff on
criminal charges.

27.    The Plaintiff as a result of said acts of defendants was falsely accused, arrested,
imprisoned, and subjected to intolerable conditions and unacceptable behavior of those
who held him in custody, other intentional and/or negligent acts of defendants and/or on
the part of the defendants included but were not limited to lengthy and intolerable
interrogations and being forcibly held and falsely imprisoned for approximately four
months.

28.    The Plaintiff suffered from the said acts of defendants and/or failure to act
including mental and emotional distress, the plaintiff was physically assaulted and/or
abused by inmates and/or guards. The Plaintiff became ill while incarcerated and was not
afforded adequate medical attention and/or treatment. Plaintiff was deprived of his
liberty, the ability to earn a living and suffered lost earnings, deprived and/or lost
companionship of family and friends. Plaintiff now has a record of an arrest. The
plaintiff was forced to incur legal and medical expenses and the like, etc., etc.

29.    On information and belief the City of New York has negligently failed to properly
administer it's agencies departments and the like as stated heretofore herein in regard to

14

the supervision and control over those accused, detained, arrested, and/or incarcerated

and in particular the Plaintiff. The said negligence of the CITY has contributed and/or is

responsible for the treatment that occurred to the plaintiff.

30.     On information and belief defendants, CITY, NYPD, DOE, and/or PSAL

negligently failed to train, supervise, and/or control the administration of justice. That as

a result of the said negligence the plaintiff suffered.

31.     The Plaintiff not only was falsely arrested and accused by the N.Y.P.D. but he

was incarcerated as well; the plaintiff was treated badly by the arresting officers.

32.     That on information and belief the Police and/or NYPD and DOE, PSAL and

individual defendants EBID and DOUGLAS did everything possible to prevent this

Plaintiff from being released and/or that the charges be dropped against him, despite

possessing the evidence that he is innocent.

33.     That on information and belief the Defendants N.Y.P.D., DOE, PSAL and EBID

and DOUGLAS intentionally did the aforementioned acts of filing criminal charges to

keep the Plaintiff under threat of criminal charges and facing jail with the hope that the

Plaintiff could not defend himself on the criminal case and either plead to a lesser charge

and/or not sue the CITY and the NYPD, DOE, PSAL, EBID and DOUGLAS.

34.     That the Plaintiff was initially held as a prisoner against his will in jail for

approximately 2 days and was effectively prevented from earning his livelihood,

thereafter, although he was gainfully employed prior to and/or at the time of his illegal

and false arrest as a periodontist/dentist since the policy of his employer was to dismiss

any employee who failed to appear at work, his job was terminated. Said plaintiff's

patients appeared at the dental office when he was illegally detained and had to be turned

15

away. The plaintiff was emotionally injured and still suffers from the injuries that he sustained because of the said illegal actions of defendants that violated his United States and New York State Constitutional rights. He has been emotionally depressed since these incidents.

35.     That on information and belief and/or the NYPD and/or DOE, soon after the said arrest of the Plaintiff, and/or the events that the Plaintiff was arrested for became aware of his arrest and incarceration and realized and/or had evidence and/or information that the Plaintiff was innocent and/or exonerating him and was not involved in the crimes alleged other that the fact that he was present at the location at the time the alleged crimes occurred and did nothing to stop the prosecution of the plaintiff.

36.     That such arrest/imprisonment/prosecution of the Plaintiff was void on its face and/or became void when the evidence was obtained by defendants NYPD, DOE and PSAL exonerating the plaintiff.

37.     That the foregoing acts of the defendants negatively affected the professional and public reputation of the Plaintiff and caused him emotional disturbance.

38.     That plaintiff was incarcerated for almost two days.

39.     That plaintiff was held in custody in the detention cells of the police station; and then held in the detention cells and/or a jail(s) maintained by the defendant(s) CITY and/or NYPD.

40.     That as a result of the foregoing acts of the defendants the Plaintiff was compelled to retain counsel and/or expend monies for his counsel/ defense/ representation/ and/or attempts to secure the release of Plaintiff and etc., and will continue to be obligated for legal expenses in the future.

41.    That a notice of claim and/or notice of intention to sue was duly served upon the

defendants within 90 days after the said cause of action of the plaintiff accrued. Said

Notice of Claim reads as follows:

SIRS:
PLEASE TAKE NOTICE that the claimants herein hereby make
individual claims and demands against THE CITY OF NEW YORK, THE
NEW YORK CITY BOARD OF EDUCATION/ DEPARTMENT OF
EDUCATION, RENIN EBID ATHLETIC DIRECTOR LINCOLN HIGH
SCHOOL as follows:

That claimant was intentionally defamed in a negligent matter by the
athletic director RENIN EBID of Lincoln High School when she slandered him
by stating in front of many students, football players, coaches, scouts and
spectators in a loud clear voice in making the false and defamatory statement,
"stay away from this man. He is a sex offender and a certified abuser of
children and is listed on the internet" or words to that effect.

1. The name and post-office address of each claimant and of his attorney
is:

IRA WARHEIT
169 Columbia St., #3G
Cobble Hill, NY 11231

STUART R. SHAW,
Attorney at Law,
30 West 95th Street, 1st Fl, .
New York, NY 10025
2. The nature of the claim:  Plaintiff was falsely accused of being a sexual
offender and then illegally removed from the Lincoln High School football
field. Claimant was maliciously subjected to harassment and unconscionable
treatment without just cause, subjected to improper "treatment," in that he was
forcibly removed from the premises. On information and belief RENIN EBID
is an employee of DOE; Defendant CITY/DOE failed to adequately train,
supervise, monitor, or control its employees and/or negligently permitted the
said EBID to have the claimant illegally removed from the playing field. No
effort was made by the City to admonish EBID and/or to mitigate claimant's
damages.

3. The time when, the place where and the manner in which the claim
arose:  Claimant was falsely accused and removed from the premises on or
about September 15th, 2010 at Lincoln High School. The Claimant was accused
by an individual on information and belief in the employ of the City of New

York. This person on information or belief RENIN EBID is the athletic director of Lincoln High School which is owned/ operated under the control of the Board of Ed.

4. The items of damage or injuries claimed are: Slander, Slander Per Se, Defamation, Negligence; loss of earnings; cost of prosecuting case; damage to plaintiff's reputation as a doctor; the impairment of his earning power; plaintiff's health was impaired; his ability to be a dentist and/or run any of his business enterprises was threatened and diminished and his earning power impaired. The Defendant EBID in particular are liable for negligence. All the Defendants are liable for intentional infliction of mental distress and/or prima facie tort.

5. The items of damage or injuries claimed are see above numbers 1, 2 & 3:
1. Negligence
2. Slander
3. Slander Per Se
4. Defamation
5. Intentional infliction of mental distress
6. Prima facie tort

The Claimant suffered mental and emotional distress. The Claimant became depressed. Claimant was deprived of the ability to earn a living and suffered lost earnings, deprived and/or lost companionship of family and friends. The statements were slander per se because EBID knew that claimant was a dentist and affected his profession and/or businesses. Plaintiff lost his job since EBID knowingly made the slanderous statements in front of claimant's employer, Adi Revi the head of ASA Institute, claimant's former employer at a football game where Dean University had rented the football field from DOE / Lincoln High School.

That said claim and demand is hereby presented for adjustment and payment.
AMOUNT CLAIMED: $1,000,000.00 against each defendant, Punitive Damages $1,000,000.00 against each Defendant, Compensatory Damages $1,000,000.00 against each Defendant

TOTAL AMOUNT CLAIMED: $6,000,000.00

42.     That more than thirty days have elapsed since the service of the said notice of

claim and/or notice of intention to sue upon defendant.

43.     That the defendants and the Comptroller of the City of New York and/or counsel

have failed, neglected and refused to pay, settle, compromise or adjust the claim of the

plaintiff herein.

44.   That this action has been commenced within one year and ninety days after the cause of action of plaintiff accrued; notice of claim was served personally and by certified mail, the plaintiff duly purchased a summons on or about 10/31/11 and will serve the defendants.

45.   The defendants failed to conduct a 50H deposition of plaintiff and have therefore waived their rights pursuant to the Municipal Law and/or NYS case law.

46.   That at all times relevant to this complaint, or from on or about 9/15/10 and thereafter, said defendants maintained and controlled in furtherance of its/ their business by the said defendants, CITY and NYPD and/or NYC DOE and/or PSAL in Kings County, City and State of New York and was/were responsible for operating/ controlling: precincts, precinct districts, high precincts, prosecution of Criminal court cases, jails, courts, police, police precincts, high schools, high schools playing/ practice field and/or their personal employees, and etc. etc..

47.   As a result of his treatment at the hands of the defendants' (in particular the EBID, DOUGLAS and POLICE OFFICERS 1-4, plaintiff IRA WARHEIT suffered physical and mental injury, pain, humiliation and emotional distress, in addition to loss of liberty, personal and professional esteem, etc. etc.

48.   Upon information and belief, the abuse to which the plaintiffs were subjected was consistent with an institutionalized practices of the NYPD of the City of New York, DOE and PSAL, which was known or should have been known to by defendant City of New York, and therefore was ratified by the CITY. Said defendants having at no time taken any effective action to prevent DOE, PSAL and/or NYPD police personnel from continuing to engage in such misconduct.

19

49.    Upon information and belief, defendants City of New York, NYPD, DOE and/or

PSAL had prior notice of the propensities of defendants EBID, DOUGLAS, POLICE

OFFICERS 1-4 personnel and/or supervisors and/or police officers and/or lack of

training, but took no steps to train them, correct their abuse of authority or to discourage

their unlawful use of authority. The failure to properly train said defendants included lack

of instruction as to the proper procedure to protect citizens who were threatened and/or

assaulted by criminals.

50.    Upon information and belief, defendants City of New York, NYPD, DOE and/or

PSAL authorized, tolerated as institutionalized practices, and ratified the misconduct

herein before detailed by:

1. (a) failing to properly discipline, restrict and control DOE, PSAL and/or NYPD

employees, supervisors, and supervisory staff or police officers including those posted for

security at schools (b) failing to take adequate precautions in the hiring, promotion and

retention of NYPD, DOE, PSAL and/or supervisors and/or personnel, including

specifically defendant DOE supervisors noted herein and/or police officers/security

guards stationed at high school and/or precinct for; (c) failing to forward to the office of

the District Attorney of New York County evidence of allegations of criminal acts

committed by the defendant EBID and/or police officers withholding and/or destroying

exculpatory evidence; and (d) failing to establish and/or assure the functioning of a

meaningful departmental system for dealing with complaints also DOE and/or NYPD

supervisors or employees and/or employees and/or police misconduct, and/or negligent

failure to act to secure the safety of citizens/ the public and to prevent further violence to

plaintiff but instead of responding to such valid complaints of the plaintiff supported by

20

others accepted and thereby made official denials calculated to mislead the public, and/or took actions taken to denigrate and punish innocent citizens who notified them by notice of claim This conduct also constitutes gross negligence under state law.

2.        Defendants CITY, DOE and PSAL were negligent in that they (a) failed to properly discipline, restrict and control NYPD and/or DOE/PSAL employees, supervisors, and supervisory staff, or police officers including those posted for security at high schools  (b) failed to take adequate precautions in the hiring, promotion and retention of DOE, PSAL and/or police personnel and supervisors, including specific defendant NYC DOE/PSAL supervisors noted herein EBID and DOUGLAS and/or police officers 1-4 for; (c) failing to forward to the office of the District Attorney of New York County evidence of that plaintiff had notified the defendants via a notice of claim. The police officers failed to investigate and withholding the information in the notice of claim; and (d) failing to establish and/or assure the functioning of a meaningful departmental system(s) for dealing with complaints of NYCPD/ DOE/PSAL supervisors or employees and/or misconduct, and/or negligent failure to act to secure the safety of  a citizen and to prevent further violence to that citizen but instead responding to valid complaints of the plaintiff, supported by others, and in effect accepted official denials calculated to mislead the court and abetted actions taken to denigrate and punish the innocent plaintiff. This conduct also constitutes gross negligence under state law.

51.      As a consequence of the abuse of authority detailed above, plaintiff sustained the damages heretofore alleged.

21

## FEDERAL CAUSES OF ACTION

52. Each and every allegation set forth in Paragraphs "1" through "43" is incorporated herein by reference.

53. The above described actions and omissions, engaged in under color of state authority by defendants, including defendants City, NYPD, DOE and PSAL, etc. responsible because of its/their authorization, condonation and ratification thereof of the acts of its agents which deprived plaintiff of the rights secured to him by the Constitution of the United States, including, but not limited to, his Fourth Amendment right to be free from false arrest and imprisonment and the right to be free from unjustified and excessive force utilized by police, and his Eighth Amendment right to be free from cruel and unusual punishment and fourteenth amendment right to due process and equal protection under the laws, said violations also violated his United States and New York State Constitutional rights.

## PENDING CAUSES OF ACTION

54. Each and every allegation set forth in Paragraphs "1" through "45" is incorporated herein by references.

55. Plaintiff filed a written Notice of Claim with defendant City of New York within 90 days after plaintiffs' claim arose, demanding adjustment and payment, as mandated by Section 50(e) of the General Municipal Law of the State of New York.

56. More than 30 days have elapsed since service of such Notice of Claim and adjustment or payment thereof has been neglected or refused.

57. This action has been commenced within one year after the termination of criminal proceedings against plaintiff pursuant to Section 215(8) of the New York CPLR and/or

22

within one year and 90 days of the date of the incidents alleged in instant complaint

(9/15/10, 3/9/11, 4/4/11 and 4/5/11... in the Criminal Court of the City of New York,

New York County on Docket No. 2011NY024535) and/or within one year and 90 days of

the date of the incidents alleged in the complaint on 9/15/10 and thereafter respectively

pursuant to Section 50 of the General Municipal Law of the City and State of New York.

50.     The acts and conduct herein before alleged constitute negligence, assault and

battery, false arrest and imprisonment, malicious prosecution, defamation, libel, libel per

se, slander, slander per se, prima facie tort, and intentional infliction of emotional distress

and the deliberate withholding of and/or destruction of relevant evidence specifically a

video tape of the occurrence under the laws of the State of New York.

1. Negligence, Gross Negligence
2. False arrest
3. False Imprisonment
4. Intentional infliction of mental distress
5. Prima facie tort
6. Fraud
7. Abuse of Process
8. Filing a false complaint
9. Libel
10. Libel Per se
11. Defamation
12. Slander
13. Slander per se
14. Malicious Prosecution
15. Compensatory damages
16. Punitive damages

This Court has pendent jurisdiction to hear and adjudicate those claims.

## ATTORNEYS' FEES

51.     Plaintiffs are entitled to an award of attorneys' fees, pursuant to 42 U.S.C. 1988

(b); 42 U.S.C. 1983.

**WHEREFORE**, plaintiffs individually demand the following relief, jointly and severally, against all the defendants: One million ($1,000,000.00) dollars against each defendant in negligence/gross negligence for false arrest, false imprisonment, intentional infliction of mental distress, Prima facie tort, Fraud, Abuse of Process, Filing a false complaint, libel, libel per se, defamation, slander, slander per se, malicious prosecution etc. in favor of each individual claimant against each individual defendant Punitive Damages $10,000,000.00 against each Defendant, Compensatory Damages $10,000,000.00 against each Defendant.

1. Negligence, Gross Negligence
2. False arrest
3. False Imprisonment
4. Intentional infliction of mental distress
5. Prima facie tort
6. Fraud
7. Abuse of Process
8. Filing a false complaint
9. Libel
10. Libel Per se
11. Defamation
12. Slander
13. Slander per se
14. Malicious Prosecution
15. Compensatory damages
16. Punitive damages

TOTAL AMOUNT CLAIMED: $168,000,000.00

A.   Tort Claims, one million ($1,000,000.00) dollars each against each defendant or eight million ($8,000,000.00) dollars.

B.   Compensatory damages in the amount of Ten Million ($10,000,000.00) Dollars against each defendant;

C.   Punitive damages in the amount of Ten Million ($10,000,000.00) Dollars against each defendant;

D.    Attorneys' fees pursuant to 42 U.S.C. 1988(b); 42 U.S.C. 1983; and

E.    For such other and further relief as to the Court deems just and proper.

DATED:    New York, New York
          September 15, 2011

                                            Law Office of Stuart R. Shaw,

                              By:    _____
                                            Attorney for Plaintiffs
                                            30 West 95th Street, 1st Fl
                                            New York, NY 10025
                                            (212) 661-6750
                                            (212) 661-6594 FX

## VERIFICATION

I am the Plaintiff in this proceeding and I have read the foregoing SUMMONS AND COMPLAINT filed by my attorney and know the contents thereof; the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

DR. IRA WARHEIT
Plaintiff

Sworn to before me this
21st day of October, 2011

NOTARY PUBLIC

STUART R. SHAW
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02SH4969810
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES JULY 23. 2014

UNITED STATES DISTRICT COURT                    Index No.  2011CV
EASTERN DISTRICT OF NEW YORK                           (       )

---

IRA WARHEIT
                         Plaintiff,
                    -against-

THE CITY OF NEW YORK, THE
NEW YORK CITY BOARD OF
EDUCATION/ DEPARTMENT OF
EDUCATION, RENIN EBID (ATHLETIC
DIRECTOR AT LINCOLN HIGH SCHOOL),
DONALD DOUGLAS (EXECUTIVE DIRECTOR
OF PSAL) LINCOLN HIGH SCHOOL, PUBLIC
SCHOOL ATHLETIC LEAGUE (PSAL),
NEW YORK CITY POLICE DEPARTMENT AND
POLICE OFFICERS 1-4.
                         Defendants.

---

### SUMMONS AND VERIFIED COMPLAINT

**STUART R. SHAW**
*Attorney for Plaintiff*
**30 West 95th Street, 1st Fl**
**New York, NY 10025**
**(212) 661-6750**

---

*To:*
*Attorney(s) For:*

---

*Service of a copy of the within                              is hereby admitted.*
*Dated:*

                                        Attorney(s) for

---

Dated:   10/21/11

                                        Attorney(s) for Plaintiff STUART R. SHAW, ESQ.

---

*Please Take Notice*

9                    *that the within is a (certified) true copy of a*                    *entered in*
Notice               *the office of the clerk of the within named Court on*              *19*
of Entry

9                    *that an Order of which the within is a true copy will be presented for settlement to*
Notice of            *the Hon.*                        *one of the judges of the within named Court, at*
Settlement           *on*                    *19, at*                    *M.*
Dated: