```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

IRA WARHEIT,
                              Plaintiff,
                                                    ORDER
          - against -
                                            CV 2011 5301 (JG)(MDG)
CITY OF NEW YORK, et al.,

                              Defendants.
- - - - - - - - - - - - - - - - - -X
```

In this action brought pursuant to several provisions of federal and state civil rights law, plaintiff asserts numerous violations of his civil rights in relation to two incidents that occurred at Lincoln High School and resulted in what plaintiff describes as false arrest.  By letter dated February 14, 2012, Assistant Corporation Counsel Andrew Wenzel, counsel for the defendants, seeks a stay of this action because the criminal proceedings following plaintiff's second arrest and giving rise to his claims are still open and pending.  Plaintiff consents to the stay request.

## DISCUSSION

Courts have the discretion to stay a federal action due to the pendency of a related state court action. See Bristol v. Nassau County, 2010 WL 1660238, *1 (E.D.N.Y. April 22, 2010) (citations omitted); see also Estes-El v. Long Island Jewish Medical Center, 916 F.Supp. 268, 269 (S.D.N.Y. 1995)("It is well settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings.").  In

determining whether such a stay should be granted due to the pendency of the related criminal proceeding, the district court should consider such factors as (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.  Hicks v. City of New York, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003); see also United States v. Pikna, 880 F.2d 1578, 1582 (2d Cir. 1989).  No one factor is determinative.  Id.

First, the issues in the state criminal action clearly overlap with the issues raised herein, since they arise from the same underlying events.  Plaintiff alleges in the complaint that he was arrested and imprisoned on harassment and stalking charges, which arose from the same conduct at issue in the parallel criminal proceedings.

Next, plaintiff's criminal case in state court remains pending, as no conviction or sentence has yet been entered. This situation presents "the strongest argument for granting a stay ... because proceeding in related civil and criminal proceedings could (1) undermine a party's Fifth Amendment privilege against self-incrimination; (2) expose the basis of a party's criminal defense in advance of trial; or (3) otherwise prejudice the criminal or civil case." Hicks, 268 F. Supp, 2d at 242.

Finally, this Court looks at the interests of the parties, the public and the Court.  Mr. Wenzel argues that a stay is necessary to promote judicial economy, primarily since the disposition of the criminal charges against plaintiff may be determinative of plaintiff's claims against defendant in that "[i]f plaintiff is convicted in that pending criminal case, then his claims for false arrest and malicious prosecution... would be barred."  Stay Mot. (ct. doc. 5), 2.  This factor weighs in favor of a stay.

This Court finds that all of the relevant interests weigh in favor of the defendants' request for a stay of this action.

## CONCLUSION

For the foregoing reasons, defendants' application for a stay of this action is granted until May 17, 2012 or until the underlying criminal proceedings are concluded, whichever is earlier.  Counsel for defendants must keep the Court abreast of the status of the underlying criminal proceedings and file a status report by May 3, 2012 detailing the procedural posture of that case.

**SO ORDERED.**

Dated: Brooklyn, New York
       February 17, 2012

/s/_____
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE